THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>OSCAR E. MENDOZA,<br><br>　　　　　　Defendant. | CASE NO. CR13-0238-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Oscar E. Mendoza's motions for compassionate release (Dkt. No. 146), for leave to file an overlength brief (Dkt. No. 147), and to seal (Dkt. No. 149). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for compassionate release (Dkt. No. 146) and GRANTS the motions for leave to file an overlength brief and to seal (Dkt. Nos. 147, 149) for the reasons explained herein.

**I.　BACKGROUND**

Between May 2012 and May 2013, Mr. Mendoza conspired with his brother and others to transport and distribute illegal drugs across the United States/Canada border. (Dkt. No. 69 at 6.) In 2013, a grand jury charged him with numerous drug trafficking crimes. (Dkt. No. 1.) In 2018,

following his extradition from Canada,[1] he pled guilty to conspiracy to distribute cocaine and ecstasy, and the Government agreed to dismiss the other charges. (Dkt. No. 63, 69, 75). The Court sentenced him to 72 months' imprisonment followed by four years of supervised release. (Dkt. No. 97.) Mr. Mendoza has served approximately three years and is currently housed at Northlake CI with a projected release date of July 10, 2023. (Dkt. No. 146 at 2.)

In April 2020, Mr. Mendoza contracted COVID-19 shortly after his transfer from Taft CI to Northlake CI. (Dkt. No. 150 at 102.) Six weeks after recovering from the virus, he began experiencing medical issues, including heartburn and chest pain. (*Id.* at 270.) Northlake CI Health Services diagnosed him with H. Pylori infection and gave him two rounds of antibiotic treatment. (*Id.* at 90.) After almost seven months of continuing symptoms, Mr. Mendoza was seen for a general surgery consultation. (*Id.* at 288–90.) He underwent a colonoscopy and esophagogastrostomy and was diagnosed with reflux, epigastric abdominal pain, sliding hiatal hernia, and gastritis (*Id.* at 288.) According to Mr. Mendoza, the medication he was prescribed following the consultation has not helped relieve his pain. (*Id.* at 121.) He moves for compassionate release based on his ongoing medical issues. (*See generally* Dkt. No. 146.) The Government opposes. (*See generally* Dkt. No. 152.)

## II. DISCUSSION

### A. Motion for Compassionate Release

The Court may reduce a term of imprisonment only if "extraordinary and compelling reasons warrant such a reduction," "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and the Court considers the 18 U.S.C. § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A)(i).[2] The defendant bears the burden of making this

---

[1] Mr. Mendoza is a dual citizen of Canada and El Salvador. (Dkt. No. 18 at 2.)

[2] As a threshold matter, a defendant must also satisfy 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement by first presenting a request for a reduced sentence to the warden of his or her facility and waiting 30 days (or exhausting administrative remedies before the 30-day waiting period expires) before seeking relief from the court. *See United States v. Taylor*, 2020 WL

showing. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020). The Ninth Circuit has held that the current version of the U.S. Sentencing Guidelines Manual ("U.S.S.G.") section 1B1.13 is not applicable to motions for compassionate release presented to a district court under the First Step Act of 2018 and therefore it is not binding but may inform the Court's exercise of discretion. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

1. Extraordinary and Compelling Reasons

The Court may reduce a defendant's sentence if it finds that extraordinary and compelling reasons exist, such as the defendant "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 cmt. n.1(A). The Bureau of Prison's gross mishandling of a defendant's medical care may also amount to an extraordinary and compelling reason to grant compassionate release. *See United States v. Beck*, 425 F. Supp. 3d 573, 580–82 (M.D.N.C. 2019).

Mr. Mendoza claims there are extraordinary and compelling reasons here because the Bureau of Prisons ("BOP") is not adequately managing the medical issues that are causing him chest pain and heart burn. (Dkt. No. 146 at 12–13.) On this record, the Court disagrees.

First, Mr. Mendoza has not demonstrated that his condition is so severe that he cannot provide self-care within the environment of a correctional facility. *See United States v. Rodriguez*, 424 F. Supp. 3d 674, 682 (N.D. Cal. 2019) (finding that, despite a paraplegic defendant's troubling medical issues and limited ability to complete basic daily activities, his condition had not deteriorated to the point that courts have required for compassionate release on this ground). Mr. Mendoza has been diagnosed with reflux, epigastric abdominal pain, sliding hiatal hernia, and gastritis. (Dkt. No. 152 at 3.) His medical records do not show that these

---

7383648 (6th Cir. 2020). Mr. Mendoza has satisfied this requirement. (*See* Dkt. No. 148-1 at 2–4.)

conditions have substantially diminished his ability to provide self-care at the institution.

Second, the BOP's management of Mr. Mendoza's medical conditions does not amount to an extraordinary and compelling reason. Mr. Mendoza argues that the BOP delayed bringing him to a specialist, and that his symptoms have not abated even after the specialist diagnosed his conditions. (Dkt. No. 146 at 6–7, 12–13.) One district court has found that the BOP's treatment delays amounted to an extraordinary and compelling reason when a defendant's breast cancer spread to her lymph nodes during the lengthy delay and she was in urgent need of appropriate cancer treatment "to prevent the further spread of her disease and the potential loss of her life." *Beck*, 425 F. Supp. 3d at 580–81. Mr. Mendoza has not demonstrated that his medical conditions are similarly life-threatening or that BOP has engaged in the type of egregious delay and gross mismanagement that was present in *Beck*. The Court finds that Mr. Mendoza's medical conditions and the claimed delays in medical care do not amount to an extraordinary and compelling reason.[3]

2. Danger to the Safety of Any Other Person or to the Community

Moreover, even if Mr. Mendoza had shown extraordinary and compelling reasons, the Court would deny compassionate release because he has not demonstrated that he no longer poses a danger to the community. In determining whether a defendant presents a danger to the safety of any other person or to the community, the Court looks to the nature and circumstances of the defendant's underlying offense, the weight of evidence against him, his history and characteristics, and the nature and seriousness of the danger his release would pose to any person

---

[3] Mr. Mendoza indicates that although he has been fully vaccinated against COVID-19, the risk of reinfection is still a concern for him. (Dkt. No. 146 at 8.) To the extent that Mr. Mendoza is arguing that a risk of reinfection amounts to an extraordinary and compelling reason, the Court disagrees. A defendant's particular vulnerability to severe illness or death from COVID-19 may be an extraordinary and compelling reason, but Mr. Mendoza has not shown he has a medical condition that increases his risk of severe illness or death from the virus. Further, his vaccination diminishes the risk that he will be reinfected and that, if reinfected, he will experience severe illness. Finally, Northlake CI currently has no active COVID-19 cases. *See* https://www.bop.gov/coronavirus/index.jsp (last visited July 7, 2021).

or the community. *See* U.S.S.G. § 1B1.13(2); 18 U.S.C. § 3142(g). Danger to the community is not limited to physical violence. *United States v. Reynolds*, 956 F.2d 192, 192–93 (9th Cir. 1992).

Mr. Mendoza's underlying criminal conduct was very serious. He pled guilty to conspiring with his brother and others to transport and distribute large amounts of cocaine and MDMA, highly dangerous controlled substances. (Dkt. No. 69.) During the investigation, federal agents seized four shipments of narcotics that Mr. Mendoza and his coconspirators were attempting to smuggle across an international border for further distribution. (*Id.* at 6.) Mr. Mendoza admitted to trafficking drugs from at least May 2012 until sometime in May 2013, (*id.*), and one individual who was arrested crossing the border into Canada with packages of cocaine in May 2012 proffered to the Government that he had smuggled ecstasy pills into the United States and cocaine into Canada for Mr. Mendoza and his brother 80 to 105 times throughout 2009, 2010, and 2011, (Dkt. No. 90 at 4.) Further, Mr. Mendoza was convicted in 2001 for unlawfully possessing a controlled substance with intent to deliver. (Dkt. No. 18 at 2.) Given the nature and circumstances of Mr. Mendoza's drug trafficking scheme and his history of a prior drug conviction, the Court finds he would pose a danger to the safety of any other person or to the community upon release.

3. <u>18 U.S.C. § 3553(a) Factors</u>

Finally, the relevant section 3553(a) factors do not weigh in favor of a sentence reduction. These factors include the nature and circumstances of the underlying offense, the need for the sentence imposed, the kinds of sentences available, the applicable sentencing range, pertinent policy statements, avoidance of sentencing disparities, and the need to provide victims with restitution. *See* 18 U.S.C. § 3553(a).

Mr. Mendoza has only served about half of his sentence, a factor "many courts have considered when denying a request for compassionate release." *See United States v. Jimenez*, 2021 WL 322757, slip op. at 4 (S.D. Cal. 2021). Such a significant reduction in sentence would

1 not reflect the seriousness of the offense or provide adequate punishment and deterrence. While
2 the Court commends Mr. Mendoza for participating in programming and successfully
3 completing a Substance Abuse Education course, (*see* Dkt. No. 146 at 14), this effort at
4 rehabilitation does not warrant cutting his sentence in half. On balance, the Court finds the
5 § 3553(a) factors weigh against reducing Mr. Mendoza's sentence.

### B. Motion to Seal and Motion to File Overlength Brief

Mr. Mendoza moves to seal the medical records he filed as exhibits in support of his motion for compassionate release. (Dkt. Nos. 149, 150.) The First Amendment guarantees the public's right to access criminal proceedings, *see Oregonian Publ'g Co. v. U.S. Dist. Ct.*, 920 F.2d 1462, 1465 (9th Cir. 1990), including "documents generated as part of a judicial proceeding," *Times Mirror Co. v. United States*, 873 F.2d 1210, 1213 n.4 (9th Cir. 1989). However, the public's right of access is not absolute and can be overcome "by an overriding right or interest 'based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Oregonian Publ'g Co.*, 920 F.2d at 1465 (quoting *Press-Enterprise Co. v. Superior Ct. of Cal. for Riverside Cnty.*, 464 U.S. 501, 510 (1984)). The Court FINDS that sealing Mr. Mendoza's medical records is necessary to protect his interest in maintaining the privacy of this highly personal information. Therefore, the Court GRANTS the motion to seal.

Mr. Mendoza also moves to file a 17-page brief (Dkt. No. 147). The Court FINDS that a brief of this length is reasonable in these circumstances and GRANTS the motion.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion for compassionate release (Dkt. No. 146), GRANTS Defendant's motion for leave to file an overlength brief (Dkt. No. 147), and GRANTS Defendant's motion to seal (Dkt. No. 149). The Clerk is DIRECTED to maintain Docket Number 150 under seal.

//

DATED this 8th day of July 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE